IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABE GLASS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-375-R |
| ) | |
| E-Z MART STORES, INC. d/b/a E-Z ) | |
| MART STORE #289 ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant E-Z Mart, Inc.'s Motion for Summary Judgment. Doc. No. 27. Plaintiff Gabe Glass sues Defendant for negligence after he allegedly slipped and fell in a pool of liquid in the men's restroom in Defendant's E-Z Mart Store # 289 ("Store"). Plaintiff asserts that the source of this liquid was a leaking soda fountain, and that Defendant had notice of the leak and its tendency to seep into the men's restroom. Defendant contends that Plaintiff has no evidence linking the liquid he slipped on to any leak from the fountain. Having considered the parties' submissions, the Court determines that genuine issues of material fact exist, precluding summary judgment. Defendant's motion is therefore DENIED.

**I.     The Applicable Standard**

In this diversity action, Oklahoma law governs the analysis of Plaintiff's underlying claims. *Dish Network Corp. v. Arrowhead Indem. Co.,* 772 F.3d 856, 867 (10th Cir. 2014) (substantive law of forum state governs analysis in diversity claims) (citation omitted). However, federal law governs the summary judgment standard.

*Haberman v. The Hartford Ins. Grp.*, 443 F.3d 1257, 1264 (10th Cir. 2001) ("In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims, including specification of the applicable standards of proof, but federal law controls the ultimate, procedural question whether judgment as a matter of law is appropriate"); *see also Kovnat v. Xanterra Parks and Resorts*, 770 F.3d 949, 954 (10th Cir. 2014) (quoting *id.*).

In federal court, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (citations omitted). The non-movant may do so by: "(A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Defendant need not negate Plaintiff's claim or disprove his evidence, but Defendant does have the burden to show that there is no evidence in the record to support Plaintiff's claim. *Celotex v. Catrett*, 477 U.S. 317, 325 (10th Cir. 2012).

"An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way . . . An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-*

*Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted). In short, Court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986). While all facts and reasonable inferences therefrom are construed in the light most favorable to the non-moving party, *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 712-713 (10th Cir. 2014), "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the [non-movant]." *Anderson*, 477 U.S. 252. At summary judgment, the Court's role is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## II. <u>Negligence Under Oklahoma Law</u>

To prove his negligence claim under Oklahoma law, Plaintiff must prove that: (1) Defendant owed Plaintiff a duty to protect him from injury; (2) Defendant violated that duty; and (3) Plaintiff's injuries were proximately caused by Defendant's violation of a duty. *Consolidated Grain & Barge Co. v. Structural Systems, Inc.,* 212 P.3d 1168, 1171 n. 8 (Okla. 2009).

As a storeowner, Defendant owes Plaintiff a duty because he was an invitee. *See Nelson v. Arvest Bank*, 2011 WL 3299039, at *3 (W.D. Okla. Aug. 1, 2011) (customers are invitees to which storeowners owe a duty). Specifically, Defendant owed Plaintiff "the duty to exercise ordinary care to keep . . . [the] parts of the premises ordinarily used by customers in transacting business in a reasonably safe condition, and to warn

3

customers of dangerous conditions upon the premises which are known, or which should reasonably be known to the storekeeper, but not to customers." *Williams v. Safeway Stores, Inc.*, 515 P.2d 223, 225 (Okla. 1973) (citations omitted); *see also Scott v. Archon Grp., L.P.*, 191 P.3d 1207 (Okla. 2008) (citing *id.*); *Privitt v. Target Corp.*, 2013 WL 3771394 (N.D. Okla. July 17, 2013) (quoting *id.*); Oklahoma Uniform Jury Instruction-Civil No. 11.10.

A breach of that duty occurs either if a negligent act of defendant (or its employees) caused the condition or if the defendant allows a dangerous condition to remain. *Martin v. Wal-Mart Stores Inc.*, 956 F.2d 278, at *2 (10th Cir. 1992) (unpublished) (citing *Rogers v. Hennesse*, 602 P.2d 1022, 1035 (Okla. 1979)). Generally, a plaintiff arguing that the defendant allowed the dangerous condition to remain must show that the defendant had actual or constructive notice of the condition. *See Lingerfelt v. Winn-Dixie Texas, Inc.*, 645 P.2d 485, 487 (Okla. 1982). However, a plaintiff need not show that defendant had notice of the specific condition causing his injuries if the plaintiff can show that the Defendant's operating methods "are such that dangerous conditions . . . are recurring or easy to anticipate." *Martin*, 956 F.2d at *2; *see also Lingerfelt*, 645 P.2d at 488 (when the customer "has shown that circumstances were such as to create the reasonable probability that a dangerous condition . . . would occur, the [customer] need not also prove that the [storeowner] had notice of the specific hazard . . . in order to show the proprietor breached his duty of due care to the [customer]"); *Pendergraft v. Wal-Mart Stores, Inc.*, 216 F.3d 1088 (10th Cir. 2000) (unpublished) (under *Lingerfelt*, "when an invitor creates a foreseeable, unreasonable risk, either by

4

direct action of an employee or by his own indirect carelessness or negligence, the invitor is liable for the consequences, and the shopper does not need to prove notice of the specific condition created"); *White v. Wynn*, 708 P.2d 1126, at 1129 (Okla. 1985) ("[W]hen an invitee has shown an invitor's . . . methods were such to create the reasonable probability that a dangerous condition would occur, the invitee need not prove notice of the specific condition thus created.")

The question of proximate cause is for the jury. *Gilliam v. Lake Country Raceway,* 24 P.3d 858, 860 (Okla. 2001). Under Oklahoma law, proximate cause may be established by circumstantial evidence. *Stroud v. Arthur Andersen & Co.,* 37 P.3d 783, 791 (Okla. 2001); *see also Taber v. Allied Waste Sys., Inc.*, 2015 WL 1119750, at *4 (W.D. Okla. Mar. 11, 2015), *reconsideration denied*, 2015 WL 3651531 (W.D. Okla. June 11, 2015), *aff'd*, 2016 WL 737328 (10th Cir. Feb. 25, 2016). Such evidence "must have sufficient probative force to constitute the basis for a legal inference, rather than mere speculation." *Stroud*, 37 P.3d at 791. (quotations and citation omitted). Further, "[t]he conclusion sought to be proved by the plaintiff[] must flow with reasonable certainty and probability from the adduced evidence." *Id.* "[C]ircumstantial evidence is not sufficient to establish a conclusion where the circumstances are merely consistent with such conclusion, or where the circumstances give equal support to inconsistent conclusions, or are equally consistent with contradictory hypotheses." *Downs v. Longfellow Corp.,* 351 P.2d 999, 1005 (Okla.1960).

### III. Analysis

In light of the authority above, the Court finds that summary judgment is inappropriate. There is evidence that, on the day in question, as Plaintiff walked towards the toilet in the men's restroom, he slipped and fell on some liquid. Doc. No. 30-1 at 26:6-13. Shortly after Plaintiff's fall, employee[1] Chris Barton went into the men's room and noticed a basketball-sized pool of water around the sink and toilet area. Doc. No. 31-1, at 13:23-14:24. According to employees, a soda fountain in the Store had an intermittent history of leaking liquid, which would seep in to the men's restroom because of the Store's sloping foundation.[2] Doc Nos. 30-2 at 28:15-23, 32:25-33:22, 34:5-10 (testimony of Jennifer Whitebird); 30-3 at 21:5-19, 22:2-21 (testimony of Chris Barton); 30-4 at 33:14-20 (testimony of Patricia Malone); 30-5 at 16:4-20, 36:20-23 (testimony of Johnny Wayne Mills). Employees testified that the fountain would leak sporadically; leaking once a month to a couple of times a week, and would start and stop on its own. Doc. Nos. 30-3 at 22:2-21; 30-5 at 18:1-10; 31-2 at 44:14-45:3. Although Plaintiff presented no direct evidence that the fountain was leaking on the day in question, there was testimony that in the days after Plaintiff's fall, employees noticed liquid accumulating in the men's restroom around the toilet and the sink. Doc. No. 31-2 at 45:4-9; 49:13-50:13.

---

[1] All references to individuals as "employees" of Defendant refer to their position at the time of Plaintiff's fall, and do not necessarily reflect their current employment status with the Defendant.

[2] Defendant provided evidence that the fountain shared a wall with the women's room, not the men's room, and the water would then have to flow through the women's room before pooling into the men's room. Doc. Nos. 27-3 at 10-12; 27-4 at 16:21-17:13; 31-1 at 40:15-18; 31-3. Defendant also presented testimony that Chris Barton was unaware of water pooling in the women's room on the day of Plaintiff's fall. Doc. No. 31-1 at 40:15-41:14. While Mr. Barton's testimony establishes he was unaware of water in the women's room, it does not establish an absence of water in the women's room.

Employees also testified to reporting problems with the leaking fountain both before and after Plaintiff's fall. Assistant Manager Jennifer Whitebird testified she sent maintenance requests regarding the fountain through an intra-office management system, Officetrax, and over the phone to district manager Norma Brians, numerous times before and after Plaintiff's falls. Doc. No. 30-2, at 10:10-20, 15:10-16:20, 34:17-35:22.[3] Store Manager Johnny Mills testified that he too sent similar requests via Officetrax. Doc. No 30-5 at 25:11-26:21. Ms. Whitebird also testified that these requests were to no avail and the fountain continued to leak. Doc. No. 30-2 at 16:10-17:16, 35:23-36:1.

In considering the admissible evidence presented by the parties and drawing all reasonable inferences in favor of Plaintiff, the non-moving party, the Court determines that there is a genuine issue of material fact as to whether the liquid in the men's room was a result of the leak in the soda fountain.[4] Although the Court acknowledges that there is no direct evidence that the fountain was leaking on the day Plaintiff fell or that the liquid Plaintiff fell on was water leaking from the soda fountain, Plaintiff has presented enough circumstantial evidence for a jury to conclude that the soda fountain leaked liquid that seeped into the men's room and caused Plaintiff to fall. While Defendant presents evidence that the liquid could have been created by other sources, such as a leaking toilet,

---

[3] Defendant presents a report with Officetrax entries that indicates that only one report regarding the leaking fountain was made via Officetrax in August 2014, four months after Plaintiff's fall. Doc. No. 31-4. However, this does not address Ms. Whiteford's testimony that she also reported the leak over the telephone to her district manager or the evidence that several of Defendant's employees were aware of the leak and its propensity to cause water to collect into the men's restroom.

[4] Defendant argues that Plaintiff's evidence of the leak is based on inadmissible speculation. In denying summary judgment, the Court relied only on that testimony that was based on the employees' personal knowledge of the fountain's history of leaks, their personal knowledge that the leaks would travel to the men's room, and their personal knowledge of reporting the leaks and the results (or lack thereof) of such reports. This testimony was not speculative and was therefore admissible.

sink, or customer use/misuse, these are genuine issues of material fact that are resolved by a jury at trial, not by the Court on summary judgment. *See White*, 708 P.2d at 1129 (Okla. 1985) (substantial controversy existed precluding summary judgment, of whether spill at issue was thawing meat caused by a broken refrigerator, as plaintiff alleged, or was spilled coffee, as defendant asserted).

## IV. Conclusion

The Court concludes that genuine issues of material fact remain, precluding summary judgment. Defendant's Motion (Doc. No. 27), is therefore DENIED.

IT IS SO ORDERED this 22nd day of July, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE